Filed 7/9/24  P.v. Misikei CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B328665 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA141024) |
| v. | |
| PAUL DARVIS MISIKEI, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

In 2019 Paul Misikei pleaded guilty to second degree murder. In 2022 Misikei filed a petition for resentencing under Penal Code section 1172.6.[1] The superior court ruled Misikei failed to state a prima facie case because he entered his plea after Senate Bill No. 1437 modified the law governing accomplice liability for murder. The court denied the petition without issuing an order to show cause.

Misikei argues he stated a prima facie case because, after he pleaded guilty, Senate Bill No. 775 expanded the scope of legislative changes to the law governing accomplice liability for murder by providing resentencing relief to defendants convicted of attempted murder, voluntary manslaughter, and murder under any "theory under which malice is imputed to a person based solely on that person's participation in a crime." We conclude that Misikei is ineligible for resentencing as a matter of law because he pleaded guilty after January 1, 2019 and that Senate Bill No. 775's amendment to section 1172.6 did not apply to him. Therefore, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A.      *Misikei Pleads Guilty to One Count of Murder*

In January 2016 police officers responded to a report of a home invasion robbery at the home of Jim Rudometkin.[2]

---

[1]      Statutory references are to the Penal Code.

[2]      We provide a factual summary, based on the probation officer's report, for context only.

A neighbor reported seeing three people running through his back yard. Officers saw Misikei and another suspect jumping over a wall. The officers detained Misikei and the other suspect, and neighbors identified them as the people who forced their way into Rudometkin's home. Officers found Rudometkin inside his home with his wrists and ankles bound and no pulse.

A codefendant, Sakaupo Folau, told police that he, Misikei, and two others planned to steal a safe from Rudometkin's home. They knocked on the door, Rudometkin answered it, and Folau grabbed him and placed him in a "bear hug." Rudometkin went limp and appeared to lose consciousness. Folau wrapped an extension cord around Rudometkin's ankles, and Misikei wrapped an extension cord around Rudometkin's upper torso. Folau went upstairs and searched a room for valuables. When the police arrived, the four men fled. The coroner's department found Rudometkin died of "hypertensive cardio vascular disease (heart attack) coupled with blunt trauma due to being struck multiple times and bound by ligature."

In 2018 the People charged Misikei with one count of murder (§ 187, subd. (a)), one count of robbery (§ 211), and one count of first degree burglary (§ 459). The People alleged as a special circumstance that Misikei committed the murder while he was engaged in a robbery and residential burglary, within the meaning of section 190.2, subdivision (a)(17). The People also alleged Misikei committed the robbery while voluntarily acting in concert with two or more other persons and within an inhabited dwelling house, within the meaning of section 213, subdivision (a)(1)(A). The People further alleged that, in committing the robbery and burglary, Misikei personally inflicted

great bodily injury, within the meaning of section 12022.7, subdivision (a).

In October 2019 Misikei pleaded guilty to second degree murder. The trial court dismissed the remaining counts and allegations and sentenced Misikei to a prison term of 15 years to life.

B. *The Superior Court Denies Misikei's Petition Under Section 1172.6*

In March 2022 Misikei filed a petition for resentencing under former section 1170.95, now section 1172.6. The People argued Misikei was ineligible for relief because he was convicted after January 1, 2019, when Senate Bill No. 1437 became effective. The People also argued that, even if section 1172.6 applied, Misikei was a major participant in a qualifying felony and acted with reckless indifference to human life. In his reply Misikei argued he was eligible for relief because he was convicted before the effective date of Senate Bill No. 775, which amended section 1172.6 effective January 1, 2022 to apply to individuals convicted of attempted murder, voluntary manslaughter, and "murder where malice was imputed based solely on their participation in the underlying crime."

The superior court denied Misikei's petition. The court ruled Misikei had not made a prima facie showing he was entitled to relief because he pleaded guilty "after the law was changed." The court also stated Senate Bill No. 775 "didn't change anything as it relates to [Misikei's] case." Misikei timely appealed.

4

A. *Applicable Law and Standard of Review*

Effective January 1, 2019, Senate Bill No. 1437 substantially modified the law governing accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Reyes* (2023) 14 Cal.5th 981, 986; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice requirement for murder (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Curiel* (2023) 15 Cal.5th 433, 448-449 (*Curiel*); *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*)). Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (e). Section 189 requires the People to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); that the defendant, though not the actual killer, with the intent to kill assisted in the commission of the murder (§ 189, subd. (e)(2)); or that the defendant was a major participant in a felony listed in section 189, subdivision (a), and "acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2," the felony-murder special-circumstance provision. (§ 189, subd. (e)(3); see *Curiel*, at p. 448; *Strong*, at p. 708; *Gentile*, at p. 842.)

Section 1172.6 creates "a procedural mechanism for those convicted of murder under prior law to seek retroactive relief." (*People v. Wilson* (2023) 14 Cal.5th 839, 869; see *Curiel, supra,*

15 Cal.5th at p. 449.)  If a section 1172.6 petition contains all the required information, the court must appoint counsel to represent the petitioner, if requested.  (*Lewis*, *supra*, 11 Cal.5th at pp. 962-963; see § 1172.6, subd. (b)(1)(A), (3).)  The prosecutor must then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing he or she is entitled to relief.  (§ 1172.6, subd. (c).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, ""'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause.'""" (*Lewis*, *supra*, 11 Cal.5th at p. 971; see *Curiel*, *supra*, 15 Cal.5th at p. 460.)  The court may consider the record of conviction, which will "'necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless.'" (*Curiel*, at pp. 463-464; see *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972; see *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

"Nevertheless, the court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*.  "'[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner,'"" thereby deeming the

petitioner ineligible." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; see *Lewis, supra*, 11 Cal.5th at p. 971.) We review de novo an order denying a petition under section 1172.6 without issuing an order to show cause. (*Harden*, at p. 52; *People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

B.     *Misikei Is Ineligible for Relief Under Section 1172.6*

Misikei argues the superior court erred in denying his petition under section 1172.6 without issuing an order to show cause. He contends he made a prima facie case because, although he pleaded guilty to second degree murder after Senate Bill No. 1437 became effective in 2019, he is entitled to relief under Senate Bill No. 775's amendments to section 1172.6, which did not become effective until January 2022. Misikei's argument is meritless.

1.     *Section 1172.6 Does Not Authorize Resentencing for Defendants Convicted After January 1, 2019*

A defendant is eligible for resentencing under section 1172.6 only if he "could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Misikei cannot satisfy this requirement because, while represented by counsel, he pleaded guilty to second degree murder in October 2019, nine months after the amendments in Senate Bill No. 1437 to section 188 and 189 became effective. Unlike a defendant who pleaded guilty to murder before January 1, 2019, Misikei received the benefit of the new law. Therefore, he cannot show he could not be convicted "because of changes" to the law "made effective January 1, 2019." (See

7

*People v. Reyes* (2023) 97 Cal.App.5th 292, 299 [defendant who pleaded no contest to murder in 2021 did "not qualify for resentencing under section 1172.6," was "not the type of defendant this retroactive procedure was intended to benefit, and any contrary interpretation of this statute would lead to absurd results"]; see also *Lewis, supra,* 11 Cal.5th at p. 957 [section 1172.6 allows defendants "who could not be convicted under the law as amended to retroactively seek relief"]; *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 936 [defendant could not "establish that he 'could not presently be convicted of murder or attempted murder *because of changes* to Section 188 or 189' made by Senate Bill No. 1437"].)

> 2.  *The 2022 Amendments to Section 1172.6 Do Not Authorize Resentencing for Misikei*

Acknowledging he pleaded guilty after the changes to sections 188 and 189 became effective in 2019, Misikei argues he is eligible for resentencing under the amendments to section 1172.6 that became effective in 2022.  This argument is also meritless.

Effective January 1, 2022, Senate Bill No. 775 amended former section 1170.95 (now section 1172.6) to apply not only to defendants convicted of felony murder or murder under the natural and probable consequences doctrine, but also to defendants convicted of attempted murder, voluntary manslaughter, or murder under any "other theory under which malice is imputed to a person based solely on that person's participation in a crime."  (Former § 1170.95, subd. (a) (Stats. 2021, ch. 551, § 2); see *People v. Saibu* (2022) 81 Cal.App.5th 709, 747; *People v. Langi* (2022) 73 Cal.App.5th

8

972, 978.)  Misikei argues he is eligible for resentencing under the language Senate Bill No. 775 added to section 1172.6 that extended eligibility for relief to defendants convicted of murder under any "other theory under which malice is imputed."  He contends "his plea was based on a charge which imputed malice to him based on his involvement in an act undertaken by multiple persons which resulted in the victim's death."  This argument fails for two reasons.

First, Senate Bill No. 775 left intact the requirement in section 1172.6, subdivision (a)(3), that a defendant show he could not now be convicted "because of changes to [s]ection 188 or 189 made effective January 1, 2019."  As discussed, Misikei cannot meet that requirement because he pleaded guilty in October 2019, nine months after those changes became effective. Misikei asserts he could not be convicted because of "the change in homicide law in 2022," but Senate Bill No. 775 did not change "2019" to "2022" in section 1172.6, subdivision (a)(3).

Second, Misikei does not provide any authority or rationale for his contention he was convicted of murder on a "theory under which malice is imputed to a person based solely on that person's participation in a crime," within the meaning of section 1172.6, subdivision (a).  Courts have interpreted that language as applying in cases where, although the trial court did not instruct the jury on natural and probable consequences, ambiguities in instructions on accomplice liability might have allowed the jury to convict without finding the defendant personally acted with malice.  (See, e.g., *People v. Lee* (2023) 95 Cal.App.5th 1164, 1183 [ambiguity in the jury instructions might have allowed the jury to convict the defendant under the provocative act doctrine by finding a co-perpetrator intentionally committed a provocative

life-threatening act, without finding the defendant personally acted with malice];[3] *People v. Maldonado* (2023) 87 Cal.App.5th 1257, 1266 [ambiguity in the jury instructions might have allowed the jury to convict the defendant of aiding and abetting murder by lying in wait by finding the defendant intended to encourage a surprise attack, but not a killing]; *People v. Langi, supra*, 73 Cal.App.5th at p. 984 [ambiguity in the jury instructions might have allowed the jury to find the defendant guilty of aiding and abetting second degree murder "by imputing to him the implied malice of the actual killer, without finding that he personally acted 'with knowledge of the danger to, and with conscious disregard for, human life'"].)  Those cases have no relevance to a case like this one, where the defendant pleaded guilty rather than going to trial.

Misikei does not cite any cases applying the language "other theory under which malice is imputed" that are similar to this one.  Instead, he cites three inapposite cases addressing the meaning of "actual killer" for purposes of the felony-murder rule. (See *People v. Vang* (2022) 82 Cal.App.5th 64, 90 ["While handing a murder weapon to the person who actually kills the victim might result in liability as an aider and abettor under section 190.2, subdivision (c) or (d), it does not qualify as an act of

---

[3]     The Supreme Court granted review in *People v. Antonelli* (2023) 93 Cal.App.5th 712, review granted Oct. 18, 2023, S281599, to decide whether a defendant is entitled to resentencing under section 1172.6 on the ground that malice could be imputed to the defendant under the provocative act theory of murder for convictions occurring before 2009 and whether the superior court erred in not considering the jury instructions in determining the defendant was ineligible for resentencing as a matter of law for a provocative act murder.

10

an 'actual killer' under section 190.2, subdivision (b)."]; *People v. Lopez* (2022) 78 Cal.App.5th 1, 20 [the jury may have convicted the defendant of felony murder if it found he "committed an act that caused the victim's death," without finding the defendant "personally killed the victim"]; *People v. Garcia* (2020) 46 Cal.App.5th 123, 152 [under section 190.2, subdivision (b), the "actual killer is the person who personally kills the victim, whether by shooting, stabbing, or—in this case—taping his mouth closed, resulting in death by asphyxiation"].) This case does not involve whether the petitioner is ineligible for relief under section 1172.6 as the actual killer.

C.      *Any Error by the Superior Court in Relying on the Preliminary Hearing Transcript Was Harmless*

Misikei argues the superior court erred in relying on a portion of the preliminary hearing transcript.[4] Any error, however, was harmless.

At the prima facie hearing, the superior court mentioned statements the magistrate made at the preliminary hearing regarding proximate cause and whether there was sufficient evidence to hold Misikei to answer on the felony murder special circumstance. The superior court stated that the trial court "did go over" the factors in *People v. Banks* (2015) 61 Cal.4th 788 for determining whether Misikei was a major participant in the robbery and burglary, within the meaning of section 190.2, and

---

[4]      The Supreme Court will decide whether a superior court engages in impermissible judicial factfinding by relying on a preliminary hearing transcript to deny a section 1172.6 petition at the prima facie stage. (*People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670.)

that "there was a discussion regarding causation."  The superior court also stated the preliminary hearing transcript reflected that the magistrate "discussed the proximate cause issue."  The superior court further stated that "the law is allowing people who have pled to certain counts . . . an opportunity to address, if they have been convicted based on the old law," but that Misikei pleaded guilty "after the law was changed" and that "in the preliminary hearing they address the issues."

Even if the superior court erred by relying on the preliminary hearing transcript, the error was harmless.  As discussed, Misikei was ineligible for resentencing as a matter of law because he pleaded guilty after January 1, 2019.  Therefore, Misikei cannot show it is reasonably probable that, absent any error, the court would have issued an order to show cause.  (See *Lewis*, *supra*, 11 Cal.5th at pp. 957-958; *People v. Watson* (1956) 46 Cal.2d 818, 836; *People v. Hurtado* (2023) 89 Cal.App.5th 887, 893.)

## DISPOSITION

The order denying Misikei's petition under section 1172.6 is affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, J.

STONE, J.

13